# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JASON HUNTER, SR.,

      Petitioner,

v.                                                              Case No. 8:25-cv-445-WFJ-AAS

FLORIDA DEPARTMENT OF REVENUE
CHILD SUPPORT,

      Respondent.

_____/

## <u>ORDER</u>

*Pro se* Petitioner Jason Hunter, Sr., initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Mr. Hunter seeks "habeas relief" from a child-support order and a domestic-violence injunction. (*Id.* at 1, 6-7). He alleges that he "never committed violence for injunction" and he "should have never been required to pay." (*Id.* at 3, 6). Mr. Hunter separately seeks relief as to a pending state criminal prosecution for written threats to kill or do bodily injury, corruption by threats against a public official, and unauthorized practice of law. (*Id.* at 7; *see also State v. Hunter*, 2019-CF-348 & 2015-CF-729 (Fla. 10th Jud. Cir. Ct.)). Mr. Hunter is not incarcerated; he was released on his own recognizance. *State v. Hunter*, 2019-CF-348 & 2015-CF-729, Docket (Fla. 10th Jud. Cir. Ct.).

After careful review, the Court concludes that Mr. Hunter's petition must be dismissed without prejudice. First, Mr. Hunter cannot challenge his child-support

obligations or the domestic-violence injunction under § 2241 because he is not "in custody" pursuant to those orders. Section 2241 applies only to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The question of whether a person is 'in custody' within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015). Here, Mr. Hunter does not allege that he was ever incarcerated or placed on probation pursuant to his child-support obligations or the domestic-violence injunction. Accordingly, Mr. Hunter cannot challenge those orders under § 2241. *See Hall El v. Hall-El*, No. 1:24-cv-546, 2024 WL 3905568, at *1 (M.D.N.C. July 12, 2024) (§ 2241 petition subject to dismissal because petitioner did "not assert that he was on probation or incarcerated pursuant to the challenged child support order," and "[o]bligating a [p]etitioner to make child support payments does not make him 'in custody'"), *adopted by* 2024 WL 3898668 (M.D.N.C. Aug. 22, 2024); *Sierra v. Florida*, No. 3:18-cv-345-LC-CJK, 2018 WL 1958403, at *2 (N.D. Fla. Mar. 26, 2018) (federal court lacked jurisdiction over § 2241 petition because petitioner "had no restraint on his liberty from the February 22, 2018, contempt order or any other child support order"), *adopted by* 2018 WL 1950443 (N.D. Fla. Apr. 24, 2018).

Second, intervention in Mr. Hunter's criminal case is unwarranted at this juncture. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the abstention doctrine that the Supreme Court articulated in *Younger v. Harris*, 401

U.S. 37 (1971)). And except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). *Younger* identified those "exceptional circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6. Mr. Hunter's petition does not allege facts to support a finding under any of the three *Younger* exceptions. Thus, the Court cannot intervene at this time in Mr. Hunter's ongoing state proceedings.

Accordingly, it is **ORDERED** that:

1. Mr. Hunter's petition (Doc. 1) is **DISMISSED without prejudice**.

2. Mr. Hunter is **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mr. Hunter is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on March 4, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE